1

I87QMALp

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
     UNITED STATES OF AMERICA
 3
             v.                        18 CR 565 (KHP)
 4                                     Plea
     MICHAEL MALONEY
 5
                 Defendant
 6   ------------------------------x

 7                                     New York, N.Y.
                                       August 7, 2018
 8                                     12:00 p.m.

 9
     Before:
10
                     HON. KATHARINE H. PARKER
11                                     Magistrate Judge

12
                         APPEARANCES
13
     GEOFFREY S. BERMAN
14        United States Attorney for the
          Southern District of New York
15   FRANK J. BALSAMELLO
          Assistant United States Attorney
16
     VINCENT BIANCO
17        Attorney for Defendant

18

19

20

21

22

23

24

25
```

I87QMALp

| | |
|---|---|
| 1 | (Case called) |
| 2 | DEPUTY CLERK:  Counsel, please make your appearance |
| 3 | for the record. |
| 4 | MR. BALSAMELLO:  Good afternoon, your Honor. |
| 5 | Frank Balsamello for the United States. |
| 6 | MR. BIANCO:  Vincent Bianco, 114 Old Country Road, |
| 7 | Mineola, New York. |
| 8 | THE COURT:  Good morning. |
| 9 | And good morning, Mr. Maloney.  I'm Judge Parker. |
| 10 | I understand Mr. Maloney has not yet been presented on |
| 11 | this information, so I am going to do that before we go forward |
| 12 | with the plea allocution. |
| 13 | MR. BALSAMELLO:  That's correct, your Honor. |
| 14 | THE COURT:  Mr. Maloney, before we get started, I'm |
| 15 | going to ask the courtroom deputy to place you under oath. |
| 16 | (Defendant sworn) |
| 17 | THE COURT:  You've now been placed under oath, and |
| 18 | this means that any statements you make here may be used |
| 19 | against you by the government in a prosecution for perjury or |
| 20 | for making false statements.  Do you understand? |
| 21 | THE DEFENDANT:  Yes, I do, your Honor. |
| 22 | THE COURT:  I'm now going to explain certain |
| 23 | constitutional rights that you have.  You have the right to |
| 24 | remain silent.  You're not required to make any statements. |
| 25 | Even if you have already made statements to the authorities, |

I87QMALp

1    you do not need to make any further statements.  Any statements

2    you do make can be used against you.

3             You have the right to be released either conditionally

4    or unconditionally pending trial unless I find that there are

5    no conditions that would reasonably assure your presence in

6    court and the safety of the community.

7             You have the right to be represented by an attorney

8    during all court proceedings, including this one, and during

9    all questioning by the authorities.  If you cannot afford an

10   attorney, the Court will appoint one to represent you.

11            Any defendant who is not a United States citizen also

12   may request that an attorney for the government or a federal

13   law enforcement official notify a consular officer from his

14   country of origin that he's been arrested, and sometimes a

15   treaty or other agreement requires the U.S. Government to give

16   that notice whether the individual requested it or not.

17            The document that contains the charge to which you've

18   indicated you wish to plead guilty is called an information,

19   and it charges you with possessing a controlled substance,

20   including cocaine, marijuana and ecstasy, or MDMA, in violation

21   of Title 21 of the United States Code, Sections 812 and 844(a).

22            Mr. Bianco, have you reviewed the information with

23   your client, and does he waive its public reading?

24            MR. BIANCO:  I have, and he does.

25            THE COURT:  This document was issued by the U.S.

I87QMALp

| | |
|---|---|
| 1 | Attorney, and not a grand jury.  I am going to deem you |
| 2 | arraigned, and we will proceed with the plea allocution at this |
| 3 | point, OK? |
| 4 | THE DEFENDANT:  (Indicating) |
| 5 | THE COURT:  Now, I have a Consent to Proceed Before a |
| 6 | U.S. Magistrate Judge on a Class A misdemeanor case, and you |
| 7 | have signed that as of today.  What this form says is that you |
| 8 | know you have the right to be tried, judged and sentenced by a |
| 9 | district court judge, but that you're waiving that right and |
| 10 | agreeing to proceed before a U.S. Magistrate Judge, and as a |
| 11 | magistrate judge, I have the authority to take your plea with |
| 12 | your consent and to impose a sentence. |
| 13 | Before you signed this form, did your lawyer explain |
| 14 | it to you? |
| 15 | THE DEFENDANT:  Yes, he did. |
| 16 | THE COURT:  And did you sign it voluntarily? |
| 17 | THE DEFENDANT:  Yes, I did, your Honor. |
| 18 | THE COURT:  Do you still wish to proceed before me |
| 19 | today? |
| 20 | THE DEFENDANT:  Yes, I do. |
| 21 | THE COURT:  I would like to explain a little bit more |
| 22 | about the proceeding today. |
| 23 | I'm going to ask you various questions.  Some are |
| 24 | personal in nature.  Others are about the crime to which you |
| 25 | wish to plead guilty.  I am also going to review various rights |

I87QMALp

1     that you have and will be giving up by pleading guilty.

2             The purpose of these questions is to make sure that

3     you understand your rights and to make sure you are voluntarily

4     pleading guilty of your own free will and because are in fact

5     guilty of the crimes to which you're pleading guilty.  Do you

6     understand that?

7             THE DEFENDANT:  Yes, I do.

8             THE COURT:  What is your full name?

9             THE DEFENDANT:  Michael Thomas Maloney.

10            THE COURT:  How old are you?

11            THE DEFENDANT:  I am 32 years old.

12            THE COURT:  Are you a U.S. citizen?

13            THE DEFENDANT:  Yes, I am.

14            THE COURT:  The reason I ask that is because pleading

15    guilty can have serious immigration consequences to those who

16    are not citizens.

17            How far did you go in school?

18            THE DEFENDANT:  College.

19            THE COURT:  Are you currently or have you recently

20    been under the care of a doctor or mental health professional?

21            THE DEFENDANT:  I'm under the care of a pain

22    management doctor, yes.  No mental health doctor though.

23            THE COURT:  For how long have you been under the care

24    of a pain management professional?

25            THE DEFENDANT:  Several years now.

I87QMALp

```
 1              THE COURT:  Are you currently taking any pain
 2   medications that impact your ability to understand what's going
 3   on here today?
 4              THE DEFENDANT:  I am taking my script, but not to the
 5   point where it impairs my judgment in any way.
 6              THE COURT:  Do you have any condition that affects
 7   your ability to see or hear?
 8              THE DEFENDANT:  No, I do not, your Honor.
 9              THE COURT:  Do you have any condition that affects
10   your ability to think and make judgments for yourself?
11              THE DEFENDANT:  No, I do not.
12              THE COURT:  Have you ever been treated or hospitalized
13   for mental illness?
14              THE DEFENDANT:  No, I have not, your Honor.
15              THE COURT:  Have you ever been treated for alcoholism
16   or drug addiction?
17              THE DEFENDANT:  No, I have not.
18              THE COURT:  As you sit here today, I think you said
19   that you are not under the influence of any mind-altering drug,
20   and I am going to ask the same question.  Are you under the
21   influence of any alcohol?
22              THE DEFENDANT:  No, I am not.
23              THE COURT:  How are you feeling physically today?
24              THE DEFENDANT:  I feel OK, your Honor.
25              THE COURT:  Is your mind clear today?
```

I87QMALp

1           THE DEFENDANT:  Yes.

2           THE COURT:  And you understand what's happening?

3           THE DEFENDANT:  Yes, I do.

4           THE COURT:  Does either counsel have any objections to

5    Mr. Maloney's competence to plead at this time?

6           MR. BALSAMELLO:  None, your Honor.

7           MR. BIANCO:  None, your Honor.  Thank you.

8           THE COURT:  I am now going to explain certain

9    constitutional rights that you have, and these are rights that

10   you will be giving up by pleading guilty, so please listen

11   carefully.  If there is something you don't understand, stop

12   me, and I'll try to explain it further or your lawyer can

13   explain it.  All right?

14          THE DEFENDANT:  Thank you, your Honor.

15          THE COURT:  Under the Constitution and laws of the

16   United States, you have a right to plead not guilty to the

17   charges against you.  Do you understand that?

18          THE DEFENDANT:  Yes, I do.

19          THE COURT:  If you plead not guilty, you'd be entitled

20   to a speedy and public trial by a jury of the charges against

21   you.  At the trial, you'd be presumed innocent, and the

22   government would be required to prove you guilty beyond a

23   reasonable doubt before you could be found guilty.  You could

24   not be convicted unless a jury of 12 people agreed unanimously

25   that you are guilty beyond a reasonable doubt.  Do you

understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  If you decided to go to trial, at the trial and at every stage of your case, you would have the right to be represented by a lawyer.  If you could not afford one, a lawyer would be appointed to represent you at the government's expense.  Even if you have retained private defense counsel, if you ran out of money, an attorney would be appointed to represent you all the way through trial and not just for a guilty plea.  So your decision to plead guilty should not depend on whether or not you could afford a lawyer.  Do you understand?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  During a trial, the witnesses for the prosecution would have to come to court and testify in your presence where you could see and hear them, and your lawyer could cross-examine them.

If you wanted, your lawyer could offer evidence on your own behalf, and you'd be able to use the Court's power to compel witnesses to come to court to testify in your defense even if they didn't want to.  Do you understand?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  At a trial, you would have the right to testify in your own defense if you wanted to, but you'd also have the right not to testify.  And if you chose not to

I87QMALp

testify, that could not be held against you in any way.  No

inference or suggestion of guilt would be permitted by the fact

that you chose not to testify.  Do you understand?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  If you were convicted at trial, you would

have the right to appeal that verdict to a higher court.  Do

you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  As I said before, you have the right to

plead not guilty, so even right now as you sit here today for

purposes of entering a plea, you can change your mind and

persist in a not guilty plea and go to trial; but if you decide

to plead guilty and I accept your plea, you will give up the

right to a jury trial and all the other rights that go with it

that I've just described.  Do you understand?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  Finally, if you do plead guilty, you are

also giving up the right not to incriminate yourself.  I am

going to ask you questions in a moment about what you did to

satisfy myself that you are in fact guilty of the crimes to

which you are pleading guilty; and by pleading guilty, you will

be admitting your factual as well as your legal guilt.  Do you

understand?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  I'm now going to review the charges

I87QMALp

1   against you and the consequences to pleading guilty to them.

2          Count One of the information charges you with

3   possessing controlled substances, including cocaine, marijuana

4   and ecstasy (MDMA) in violation of Title 21 of the United

5   States Code, Sections 812 and 844(a).

6          Mr. Balsamello, can you please state the elements of

7   this crime.

8          MR. BALSAMELLO:  Yes, your Honor.

9          If the case went to trial, the government would have

10  to prove beyond a reasonable doubt:

11         First, that the defendant in or about July 2017

12  possessed controlled substances of cocaine, marijuana, and

13  ecstasy;

14         And, second, that he did so knowingly.

15         The government would also have to prove by a

16  preponderance venue in the Southern District of New York.

17  However, I will note that under this agreement, the defendant

18  is agreeing to waive any defense based on venue.

19         THE COURT:  Thank you.

20         Mr. Maloney, the elements that Mr. Balsamello has just

21  recited are things that the government would have the burden of

22  proving beyond a reasonable doubt before you could be found

23  guilty.  Do you understand?

24         THE DEFENDANT:  Yes, I do, your Honor.

25         THE COURT:  I'm now going to tell you the maximum

I87QMALp

1  possible penalty for this crime.  The maximum means the most

2  that could possibly be imposed.  It does not mean that is what

3  you would necessarily receive, but by pleading guilty, you're

4  exposing yourself to the possibility of receiving any

5  combination of punishments up to the maximum I'm about to

6  describe.

7          The maximum term of imprisonment is one year which

8  could be followed by one year of supervised release.

9  Supervised release means that after you are released from

10  prison, you may be subject to supervision by the probation

11  department; and if you are placed on supervised release and

12  thereafter violate any condition of that release, the Court can

13  revoke the term of supervised release and return you to prison

14  without giving you any credit for time previously served on

15  post release supervision.  So it's very important to comply

16  with the conditions of release.  Do you understand?

17          THE DEFENDANT:  Yes, I do, your Honor.

18          THE COURT:  In addition to the restrictions on your

19  liberty, the maximum possible punishment for the crime includes

20  a mandatory minimum fine of $1,000 and a maximum fine of

21  $100,000, twice the gross pecuniary gain derived from the

22  offense or twice the gross pecuniary loss to persons other than

23  yourself, whichever is greatest.  So under the law, the Court

24  cannot impose a fine of less than a thousand dollars.  Do you

25  understand?

1          THE DEFENDANT:  Yes, I do, your Honor.

2          THE COURT:  The Court is also required to impose a

3    special mandatory assessment or fine of $25.  The Court has the

4    authority to require you to pay restitution to any victims in

5    an amount the Court is required to compensate them for

6    injuries.

7          A guilty plea also can result in loss of valuable

8    civil rights to the extent you have them today or could obtain

9    them in the future.  These include the right to vote, the right

10   to hold public office, the right to serve on a jury, and the

11   right to possess any kind of firearm.  Do you understand that?

12         THE DEFENDANT:  Yes, I do, your Honor.

13         THE COURT:  Do you understand the charges against you

14   and the consequences of pleading guilty?

15         THE DEFENDANT:  Yes, I do.

16         THE COURT:  Have you had enough time to talk to your

17   lawyer about the charges against you and about how you wish to

18   plead?

19         THE DEFENDANT:  Yes, I have.

20         THE COURT:  Are you satisfied with your attorney's

21   representation of you?

22         THE DEFENDANT:  Very, your Honor.

23         THE COURT:  Now, I have been handed up a plea

24   agreement between you and the government.  This is signed as of

25   today.  Did you read the plea agreement before you signed it?

I87QMALp

1          THE DEFENDANT:  Yes, I did, your Honor.

2          THE COURT:  Did you discuss it with your attorney

3    before you signed it?

4          THE DEFENDANT:  Yes, I did.  I actually went to his

5    office the other day.

6          THE COURT:  Did he explain all of its terms and

7    conditions to you?

8          THE DEFENDANT:  Yes, he did.

9          THE COURT:  In the plea agreement, you and the

10   government have reached an agreement, or stipulation, as to how

11   your sentence would be calculated under a part of our law known

12   as the Sentencing Guidelines.  The agreement is that the

13   appropriate sentencing guideline range is from zero to six

14   months' imprisonment and a fine range of $2,000 to $20,000.

15          Do you understand that under the plea agreement,

16   you're agreeing that the Sentencing Guidelines for the more

17   serious offense of conspiring to distribute and possession with

18   intent to distribute controlled substances will be used to

19   determine the sentencing range in your case?

20          THE DEFENDANT:  Yes, I do, your Honor.

21          THE COURT:  Under the plea agreement, you're agreeing

22   that you possessed 1.4 grams or 70 20-milligram pills of

23   oxycodone which our law says is equivalent to 9.38 kilograms of

24   marijuana.  Do you understand that?

25          THE DEFENDANT:  Yes, I do.

I87QMALp

1          THE COURT:  Under the plea agreement, neither you nor

2     the government is allows to argue for an upward or a downward

3     departure from the Sentencing Guidelines range except that

4     either party can seek a sentence outside of the guideline range

5     based upon factors to be considered under Title 18 of the

6     United States Code 3553(a).

7          Now, do you understand that the government has

8     reserved the right to seek an adjusted guideline range if it

9     learns new information about you, such as new information about

10     your criminal history, if you fail to demonstrate acceptance of

11     responsibility, or it finds out about other conduct that it

12     doesn't know about, or if you commit a crime in the future?

13          THE DEFENDANT:  Yes, I do.

14          THE COURT:  Do you understand that neither the

15     probation department nor this Court is bound by anything in the

16     plea agreement, and that I am free to do, and, in fact I must

17     do, I'm obliged to do any own calculations of the appropriate

18     sentencing range in your case, and that could result in a

19     sentencing range that a differs from the one in the plea

20     agreement.  Do you understand that?

21          THE DEFENDANT:  Yes, I do, your Honor.

22          THE COURT:  Now, I have discretion to give you a

23     prison sentence below or above the range set forth in the

24     letter or that I appropriately calculate is the appropriate

25     range anywhere up to the maximum sentence that I told you about

I87QMALp

1    earlier.  Do you understand that?

2               THE DEFENDANT:  Yes, I do, your Honor.

3               THE COURT:  In determining a sentence, I will consider

4    the Sentencing Guidelines, possible departures under those

5    guidelines and other sentencing factors as set forth in Title

6    18 of the United States Code, Section 3553(a).

7               In addition, the probation department will prepare a

8    presentence report, and you and the government will both have a

9    chance to take a look at that report before your sentence and

10   challenge any facts in that report.

11              Ultimately, I will determine a sentence based on all

12   of the factors I've explained.  That sentence may be more

13   severe than you expect, but you will not be able to withdraw

14   your guilty plea at that point.  Do you understand?

15              THE DEFENDANT:  Yes, I do, your Honor.

16              THE COURT:  Also, under the terms of the plea

17   agreement, as long as the Court sentences you to a prison term

18   of no longer than 12 months, you're giving up your right to

19   challenge your sentence, whether by direct appeal, writ of

20   habeas corpus or otherwise.  Do you understand?

21              THE DEFENDANT:  Yes, I do, your Honor.

22              THE COURT:  And you're also giving up your right to

23   challenge any term of supervised release imposed by the Court

24   up to the one year maximum I told you about earlier, whether by

25   direct appeal, habeas corpus or otherwise.  Do you understand?

I87QMALp

1          THE DEFENDANT:  Yes, I do, your Honor.

2          THE COURT:  Also, the plea agreement says you cannot

3   appeal any fine of $20,000 or less, and that you cannot appeal

4   any order of restitution.  Do you understand?

5          THE DEFENDANT:  Yes, I do, your Honor.

6          THE COURT:  Now, under the plea agreement, the U.S.

7   Attorney is agreeing not to prosecute you further criminally

8   except for criminal tax violations for your participation in

9   the crime charged in Count One, but your conduct could be

10  considered as an enhancement to a sentence in any crimes that

11  you may commit in the future, which I hope does not happen.

12          In return, you're agreeing with respect to any and all

13  dismissed charges, that you're not a prevailing party and won't

14  file a claim under that law to seek attorney's fees for any

15  dismissed charges.

16          Now, under the terms of the plea agreement, even if

17  you later learn that the government withheld certain

18  information from you or your counsel that may have been helpful

19  to you at trial, you're not going to be able to complain about

20  that or withdraw your plea on that basis.  Do you understand

21  that?

22          THE DEFENDANT:  Yes, I do, your Honor.

23          THE COURT:  Also, if you are not a citizen of the

24  United States, as I mentioned before, a guilty plea will likely

25  result in deportation and removal from the United States, and

I87QMALp

1   you would have no right to withdraw your plea by virtue of any

2   adverse immigration consequence.  Do you understand?

3                THE DEFENDANT:  Yes, I do, your Honor.

4                THE COURT:  Also, I want to make sure that you

5   understand that the plea agreement does not bind any

6   prosecution office other than the United States Attorney's

7   Office for the Southern District of New York, and that the plea

8   agreement supersedes any prior understandings you may have had

9   with the government.

10                Also, if your conviction following a plea of guilty is

11   vacated for any reason, you are agreeing that a prosecution

12   against you could be reinstated without any time bar.

13                Are there any other provisions of the plea agreement

14   that the prosecution would like me to review with Mr. Maloney?

15                MR. BALSAMELLO:  If you could just confirm that he

16   understands and acknowledges the venue waiver, and that he

17   enters the agreement voluntarily with no force or threats.

18                THE COURT:  Right.

19                First let me ask:  Are you contesting venue in this

20   district, the Southern District of New York?

21                THE DEFENDANT:  No, I am not, your Honor.

22                THE COURT:  All right.  Aside from what is in the plea

23   agreement itself, have any promises been made to you in order

24   to get you to plead guilty?

25                THE DEFENDANT:  No, they have not, your Honor.

I87QMALp

1          THE COURT:  Have any promises been made to you about

2    the actual sentence you will receive?

3          THE DEFENDANT:  No, they have not, your Honor.

4          THE COURT:  Have any threats been made against you to

5    make you plead guilty?

6          THE DEFENDANT:  No, they have not.  Not at all, your

7    Honor.

8          THE COURT:  Mr. Bianco, are there any further

9    questions you'd like me to ask your client about the plea

10   agreement?

11         MR. BIANCO:  No.  Thank you.

12         THE COURT:  Mr. Maloney, now that you have been

13   advised of the charges against you and the possible penalties

14   you face and the rights you are giving up, do you still wish to

15   plead guilty to the information?

16         THE DEFENDANT:  Yes, I do, your Honor.

17         THE COURT:  Is your plea voluntary and made of your

18   own free will?

19         THE DEFENDANT:  Yes, I do, your Honor.

20         THE COURT:  With respect to Count One, how do you

21   plead?

22         THE DEFENDANT:  Guilty, your Honor.

23         THE COURT:  Are you pleading guilty because you in

24   fact committed the offense to which you are pleading guilty?

25         THE DEFENDANT:  Yes, I am, your Honor.

I87QMALp

1        THE COURT:  Tell me in your own words what you did.

2        THE DEFENDANT:  I basically had a script of oxycodone,

3   and for a couple of months I stupidly was selling them and

4   almost ruined my life over it.  So that's the gist of it.

5        THE COURT:  The information also says that you had

6   other drugs in your possession?

7        THE DEFENDANT:  Oh, yes.  Yes.  Yes.

8        THE COURT:  Did you have those other drugs in your

9   possession?

10        THE DEFENDANT:  Yes.  I wasn't selling those drugs,

11   but they were in my house.  I was using them.

12        THE COURT:  Do you understand that use of these kind

13   of drugs can result in your death?

14        THE DEFENDANT:  Yes.

15        THE COURT:  They're very dangerous.  Especially

16   combinations?

17        THE DEFENDANT:  Yes, I do now.

18        THE COURT:  Did you understand that what you were

19   doing was wrong and against the law?

20        THE DEFENDANT:  Yes, I did, your Honor.

21        MR. BALSAMELLO:  Your Honor, may I ask, I believe

22   there is just a reference during the allocution, the phrase

23   "other drugs" was used.  Can we just clarify for the record

24   that it was in July 2017, and the other drugs he possessed the

25   were cocaine, marijuana and ecstasy.

I87QMALp

1          THE COURT:  Right.  Mr. Maloney, during what time

2     period did you possess these drugs?

3          THE DEFENDANT:  July 17 to when I got caught.

4          THE COURT:  Are you in agreement that you possessed

5     1.4 milligrams of oxycodone?

6          THE DEFENDANT:  Yes, I am, your Honor.

7          THE COURT:  Are you in agreement that you also

8     possessed marijuana and MDMA, ecstasy?

9          THE DEFENDANT:  Yes, I did, your Honor.

10          MR. BALSAMELLO:  Cocaine as well, your Honor?

11          THE COURT:  And are you in agreement that you also

12     possessed cocaine?

13          THE DEFENDANT:  Yes, I did, your Honor.

14          THE COURT:  Mr. Bianco, do you know of any defense

15     that would prevail at trial or any other reason why your client

16     should not be permitted to plead guilty?

17          MR. BIANCO:  No, your Honor.

18          THE COURT:  Do you believe there is a sufficient

19     factual predicate for the plea?

20          MR. BIANCO:  I do.

21          THE COURT:  Does the government believe there's a

22     sufficient factual predicate for the plea?

23          MR. BALSAMELLO:  Yes, your Honor.

24          THE COURT:  Would the government like to make a

25     proffer as to what it would present at trial?

I87QMALp

1          MR. BALSAMELLO:  Certainly, your Honor.

2          The evidence would include, among other things,

3     physical and electronic evidence obtained during online

4     controlled drug transactions with the defendant, as well as

5     financial records relating to the same, in addition to post

6     arrest or post search statements that the defendant made to law

7     enforcement when they made contact with him at his home.

8          THE COURT:  Thank you.

9          Are there any other questions that either counsel

10    would like me to ask Mr. Maloney before we move forward?

11         MR. BALSAMELLO:  No, your Honor.

12         MR. BIANCO:  No.  Thank you.

13         THE COURT:  Mr. Maloney, on the basis of your

14    responses to my questions and my observations of your demeanor,

15    I find that you are competent to entered a guilty plea, and I

16    am satisfied that you understand your rights, including your

17    right to go to trial, and that you shall aware of the

18    consequences of your plea, including the sentence that may be

19    imposed, and that you are voluntarily pleading guilty, and that

20    you've admitted that you are guilty as charged in Count One of

21    the information.  So for these reasons, I will accept your

22    plea.

23         Also, I am going to ask the government to order a copy

24    of this transcript and direct that a presentence report be

25    required.  Can you deliver a case summary to probation?

I87QMALp

| | |
|---|---|
| 1 | MR. BALSAMELLO:  Certainly, your Honor. |
| 2 | THE COURT:  Mr. Bianco, can you meet with your client |
| 3 | and probation for purposes of that presentence report? |
| 4 | MR. BIANCO:  Of course. |
| 5 | THE COURT:  Terrific.  Let's set a date for the |
| 6 | sentencing.  The presentence report is going to be due |
| 7 | December 14.  I will issue an order so that both sides can make |
| 8 | additional submissions after that. |
| 9 | So let's take a look at January, the end of January. |
| 10 | How about Wednesday, January 30? |
| 11 | MR. BIANCO:  That would be fine. |
| 12 | MR. BALSAMELLO:  Yes, your Honor. |
| 13 | THE COURT:  Let's say 10:00 a.m.  That will be in |
| 14 | courtroom 17D. |
| 15 | Because, Mr. Maloney, you have not previously been |
| 16 | before the Court, I want to talk a little bit about conditions |
| 17 | of your release from now up to sentencing, and I would like to |
| 18 | hear the government's position on any terms of supervised |
| 19 | release. |
| 20 | MR. BALSAMELLO:  Yes, your Honor.  The government has |
| 21 | spoken with pretrial, which I believe will recommend a |
| 22 | cosigner.  We agree with that.  We would propose a $20,000 bond |
| 23 | with the defendant's signature and one additional signature to |
| 24 | be obtained within two weeks.  I believe pretrial will |
| 25 | recommend a regular level of supervision which would be fine. |

I87QMALp

1      THE COURT:  Mr. Bianco, do you have anything you'd

2  like to add with respect to conditions of pretrial release?

3      MR. BALSAMELLO:  No.  Thank you.

4      THE COURT:  So based on my review of the information

5  and also discussions with pretrial services, Mr. Maloney, you

6  will be released on a $20,000 bond cosigned by one individual.

7      You will be released today on your own signature, and

8  you will have one week to get the signature of the cosigner.

9      You will be subject to pretrial supervision as

10  directed by pretrial services.  You should continue employment

11  in your job in real estate.  Your travel will be restricted to

12  Southern and Eastern Districts of New York.

13      Also, I believe going to ask that you submit to a drug

14  treatment program as directed by pretrial services.  It's very

15  important that you begin working on that right away for your

16  own health and survival.

17      THE DEFENDANT:  Definitely.

18      THE COURT:  OK?  Is there anything further from the

19  government?

20      MR. BALSAMELLO:  No.  Thank you.

21      THE COURT:  Anything further, Mr. Bianco?

22      MR. BIANCO:  No.  Thank you.

23      THE COURT:  Thank you.  Have a good day.

24      (Adjourned)

25