# LAW OFFICES OF VINCENT BIANCO, ESQ., P.C.
### ATTORNEYS AT LAW
114 Old Country Road, Suite 560, Mineola NY 11501
Office: (516) 900-7870  Fax: (516)871-0660

---

Honorable Katherine H. Parker
U.S. Magistrate Judge
United State District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                      Re: United States v. Michael Maloney
                      Docket Number:  0208 1:18 CR 565-01
                      Sentencing Date: April 5, 2019

Dear Magistrate Judge Parker:

As you are aware, this firm represents the defendant, Michael Maloney, in the aforementioned matter. It is respectfully requested that you consider this letter in connection with the sentencing of Michael Maloney.

I do not profess to have seen as many people as the Court has in its experience. However in my years representing people charged with crimes I have seen many, and Michael Maloney is one of the few who certainly seems to have learned from his poor decisions and has successfully used the past several years wisely to reassess his life and really discover what is important in life.

I also do not profess to have a crystal ball and be able to tell what the future holds but I am thoroughly convinced that neither this Court nor any other Court will ever have Mr. Maloney before it again as a criminal defendant.

Mr. Maloney is a man dedicated to hard work, his family and helping others who need it. He is an intelligent man who unfortunately needed to learn these lessons the hard way but he has learned these important lessons and he will not forget them.

On August 7, 2018, Michael Maloney pled guilty before Honorable Katherine H. Parker, and allocuted to his criminal conduct, pursuant to a plea agreement. The sentencing is scheduled before the Court on April 5, 2019.

Since his arrest Michael Maloney has been cooperating with the Government, Throughout the investigation, he has fairly and truthfully disclosed all information and produced all records and other evidence in his possession relevant to all inquiries made by the Prosecutor, AUSA Frank Balsamello and fully cooperated with the Federal Bureau of Investigation and the U.S. Probation Officer Johnny Y. Kim.

One of the reasons Mr. Maloney decided to cooperate was that he realized the wrong he had done to society and the need to start paying society back for that wrong and he decided the best way to start doing that was to cooperate with law enforcement. As demonstrated in greater detail below, I respectfully submit that a sentence at the low end of the advisory guideline range is warranted in this case. Accordingly, I respectfully request that the Court sentence Mr. Maloney to a term of Probation.

## MICHAEL MALONEY BACKGROUND

For a full recitation of Michael Maloney' family background, the Court's attention is respectfully directed to the Presentence Investigation Report prepared by U.S.P.O. Johnny Y. Kim. In the interest of brevity those facts are not repeated herein. The contents of said Presentence Investigation Report are therefore respectfully incorporated herein and made a part hereof.

## REQUEST FOR LENIENT SENTENCE

Mr. Maloney began taking prescribed opioids as a result of a physical injury. As is an all too common occurrence in my practice that an addiction to those opioids soon followed.

Since his arrest, he has done whatever little he can to start to make amends his crimes. From the outset he acknowledged his guilt and was very cooperative with all the investigators.

The punishment that Mr. Maloney receives from this Court are only part of his sentence. He has already been disgraced beyond anything he could ever have imagined. Despite whatever good he has accomplished so far in his life, and what he had hoped to accomplish, he will always be considered a convicted criminal.

I do not know what gives some men the strength of character to lead virtuous lives for all of their lives, and what causes others, such as Mr. Maloney, to lose their way. There is no excuse whatsoever for what Mr. Maloney has done. I believe Mr. Maloney has learned from this, and hopefully others will as well.

It is respectfully suggested that there is clear and convincing evidence that Michael Maloney does not pose any threats to the community upon his release. Furthermore, through either Pretrial Services or Probation office to administer a program of supervision and to provide services that they may deem appropriate for Michael Maloney, they will immediately notify the United States Attorney's Office of any breach of the conditions of the release.

## LEGAL ARGUMENT

The Supreme Court in *United States v. Booker*, 125 S.Ct. 738 (2005) restored the district court's ability to fashion a sentence tailored to the individual circumstances of the case and defendant by requiring courts to consider factors other than the sentencing range set forth in the United States Sentencing Guidelines. Indeed, under Section 3553(a), courts must sentence below the applicable range if such a sentence would be sufficient to achieve the purposes of punishment. While many courts have suggested that the sentencing guidelines remain persuasive, a mechanistic

reliance on the guidelines–which actually prohibit the consideration of some relevant factors–could be construed as an abdication of the sentencing court's responsibility under *Booker* and 18 U.S.C. § 3553. Indeed, even before the Supreme Court's decision in *Booker*, one of the seminal cases interpreting the guidelines was *Koon v. United States*, 116 S.Ct. 2035 (1996).

Central to the holding in *Koon* was the understanding that judges were able to base a departure on *any* ground not specifically proscribed by the Guidelines. Further, implicit in the Supreme Court's holding in *Koon* was that sentencing courts will be confronted with a myriad of factors that the guidelines are incapable of contemplating. Now that sentencing courts are untethered by the constraints imposed by the guidelines, factors previously disfavored or prohibited may be uniquely relevant under the factors set forth in § 3553. *See Koon*, 116 S.Ct. at 2053 (explaining that judges may "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue").

As the Court is well aware, the sentencing guideline range is but one factor that this Court must consider; *Booker* requires that the court also consider (1) the nature and circumstances of the offense and the history of and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentencing disparity; and (4) the need to provide restitution. *Booker,* 125 S.Ct. At 765-65; 18 U.S.C. § 3553(a)(1), (a)(3), (a)(6-7). In addition, *Booker* established a new, independent limit on the sentence that may be imposed. The primary sentencing mandate of Section 3553(a) states that courts must impose the minimally sufficient sentence to achieve the statutory purposes of punishment–justice, deterrence, incapacitation, and rehabilitation: The court shall impose a sentence *sufficient, but not greater that necessary*, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]. 18 U.S.C. § 3553(a) (emphasis added).

Subject to the principle of parsimony, sentencing courts are required under Section 3553(a)(2) to consider the need for the sentence imposed to (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide a just punishment for the offense; (4) afford adequate deterrence to criminal conduct; and (5) protect the public from further crimes of the defendant. See *United States* v. *Crosby*, 397 F.3d 103, 112-14 (2d Cir. 2005). In addition, under Section 3553(a)(1), sentencing courts are required to consider (1) the nature and circumstances of the offense; and (2) the history and characteristics of the defendant. See *Crosby*, 397 F.3d at 112-14.

Most respectfully the Court should consider every convicted person as an individual and every case as a unique study in the human condition.  As articulated by the district court in *United States v. Coughlin*, No.6 Cr. 20005, 2008 WL 313099 (W.D. Ark Feb.1, 2008) on remand after the Supreme Court's decision in *Gall:* "[B]ased on the unique facts of a particular case, austere adherence to the averages and generalities of the Guidelines can be unjust and contrary to reason.... No chart of numbers will ever fully contemplate, quantify and cipher the endless variations of the human experience. While it might provide a normalizing force in sentencing, we cannot, with a system of points and categories, reduce justice to a universal formula."

As the Supreme Court explained in *Gall v. United States*, 128 S.Ct. 586, 596, 169 L.Ed 445 (2007), "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553 (a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented."

Based upon the "individualized assessment" of the facts presented herein, and after consideration of all the factors detailed in § 3553(a), we respectfully submit that a sentence of probation is an appropriate and reasonable sentence.

Mr. Maloney is a 32 year old male who was never previously convicted for any criminal activity. He had no criminal record, and led an otherwise honorable and law-abiding life. He presents no danger to the public, now or in the future. The shame and public humility have already had a tremendous negative effect on Mr. Maloney and his family. In addition to the significant family stress of the prosecution, the arrest and resulting felony-conviction has and will continue to be a detriment in securing employment, and thus will require him to seek alternative and less-rewarding employment.  Mr. Maloney has not escaped punishment for his offense. § 3553(a)(2)(A).

Mr. Maloney certainly poses "no" risk to the public, and the risk of recidivism is virtually non-existent. A lenient sentence below the recommended guideline range is warranted given that there is no need to protect the public from further criminal conduct of the defendant or to deter future crimes. § 3553(a)(2)(B) and (C). See also, *United States v. Carmona-Rodriguez*, No. 04 Cr. 667(RWS), 2005 WL 840464, *5 (S.D.N.Y. April 11, 2005)(below guidelines sentence imposed after considering the low probability of recidivism); *Simon v. United States*, 361 F. Supp. 2d 35, 48 (E.D.N.Y 2005); *United States v. Hernandez*, No. 03 Cr. 1257 (RWS), 2005 WL 1242344, *5 (S.D.N.Y. May 24, 2005).

Mr. Maloney has by no means escaped punishment for his conduct. He is aware of the gravity of his actions, and has accepted full responsibility for his offense. He has been deeply shamed by the public disclosure of his actions. He has disappointed his family and his friends, and will forever live with the stigma of this conviction. In addition, he has lost the opportunity to pursue a meaningful career.

A sentence of probation does not mean Mr. Maloney has or will escape punishment. As the Supreme Court noted in *Gall,* probation and/or supervised release also amounts to a "substantial restriction of freedom." *128 S.Ct. at 595*.  As one District Judge observed in a sentencing hearing conducted shortly after the Supreme Court's decision: *Gall* recognized for the very first time in a very long time that probation is not nothing, that there are substantial restrictions on an individual's freedom in probation, that we can structure a probationary sentence that meets all the purposes of sentencing, and that is entirely appropriate.  This way one of  the things that the guidelines ignored, and the guidelines dramatically changed from preguideline practice and which

the Supreme Court is essentially saying we can now look at again. *United States v. Ramos*, 04-10275-NG (D.Mass. 2008); *See also Gall, 128 S.Ct. at 602* emphasizing that section 3553(a) directs the Judge to consider sentences other than imprisonment.

Therefore, we respectfully submit that application of those factors to this case warrants a sentence of probation is a fair and reasonable sentence.

## CONCLUSION

Since filing my Notice of Appearance on this case, Mr. Maloney has become more than a client. He routinely calls me to see how I am doing, or just to wish me Merry Christmas, Happy Father's Day etc.. These traits paint a picture of a man dedicated to his family and friends who selflessly help others in need when they need it most.

Mr. Maloney is truly remorseful for his criminal conduct. He asks the Court to consider this conduct as an aberration in an otherwise law-abiding and family-centered life. The financial and emotional experiences both he and his family have faced since this event have been traumatic. Additional punishment is not needed here. He has been punished tremendously already and will continue to be. He does not pose a threat to others or society

For all of the reasons set forth above, I most respectfully urge the Court to sentence Mr. Maloney to a non-custodial sentence, and respectfully submit that a sentence of probation is "reasonable" and "sufficient, but not greater than necessary" to satisfy the goals of sentencing as enumerated in 18 U.S C. § 3553(a).

Thank you very much for your courtesy and consideration.

Respectfully submitted,

Vincent Bianco